**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURNOOR SINGH, <br><br>     Petitioner, <br><br>     v. <br><br> CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; and MARKWAYNE MULLIN, Secretary, Department of Homeland Security, <br><br>     Respondents. | Case No.:  3:26-cv-01389-BTM-VET <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS** <br><br> **[ECF NO. 1]** |

Gurnoor Singh petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 4, 2026.  (ECF No. 1.)  In his amended petition, he claims that his fourteen-month prolonged detention without an individualized bond hearing "violates the Due Process Clause."  (ECF No. 6 ("Am. Pet."), at 1, 6.)

The Respondents "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by

clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (ECF No. 8, at 1 (first citing *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090 (S.D. Cal. 2025); and then citing *Gao v. LaRose*, 805 F. Supp. 3d 1106 (S.D. Cal. 2025)).) The Petitioner argues that immediate release is the correct remedy for the violation of his Due Process rights rather than a bond hearing. He contends that, because the neutrality of the immigration judges has been "severely compromised," there is a "serious risk" that an immigration judge will "order Mr. Singh's continued detention even if he poses no danger or flight risk." (Am. Pet., 9.)

To remedy the violation of the Petitioner's Due Process rights, the Court is ordering an individualized bond hearing with additional safeguards. *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). The bond hearing must be before a fair, neutral, and open-minded immigration judge who is ordered to determine whether the Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure the Petitioner's appearance. During the bond hearing, the Respondents shall bear the burden of establishing by clear and convincing evidence that the Petitioner poses a danger or flight risk. *See Sandesh v. LaRose*, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in *Singh* in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals."). If the immigration judge denies bond, the judge must make specific findings as to why the Petitioner is a flight risk or a danger to the community.

The Court declines to grant outright release for the same reason it discussed in *Amandeep Singh v. LaRose*:

> If the Petitioner believes that the Respondents or the immigration judge violated this order and the writ, the Petitioner can apply to this Court for appropriate sanctions. If past history is any guide, the Respondents have shown the upmost respect for this Court's judgments and has timely followed them thereby enabling the mutual respect of the Court. There is no reason to believe that the mutual respect for coequal branches of the government will not continue here in the Southern District of California.

26-cv-1389

2026 WL 684654, at *4 (S.D. Cal. Mar. 10, 2026).

For the reasons stated above, the petition for a writ of habeas corpus is **GRANTED IN PART**.  The Respondents are ordered to grant the Petitioner an individualized bond hearing in accordance with the requirements ordered above.  The hearing must be held no later than April 17, 2026.  The remedy of release without a bond hearing is **DENIED** without prejudice.

The parties shall file a joint statement on the results of Singh's April 15 merits hearing no later than 12 p.m. on April 16, 2026.  (*See* ECF No. 11.)  If the merits hearing results in Singh's release, the parties may file a motion to vacate this writ as moot.  Otherwise, the parties shall file a joint statement as to compliance with this writ and order and the result of the bond hearing by 5 p.m. on April 20, 2026.  The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  April 3, 2026

_____
Honorable Barry Ted Moskowitz
United States District Judge

3

26-cv-1389